Outlook

---

**In re: Ye, et al. (Witnesses from today)**

---

**From** Edwards, Dianna (USAMOE) <Dianna.Edwards@usdoj.gov>
**Date** Wed 10/8/2025 11:16 AM
**To**   John Rogers <jrogers@rsblawfirm.com>; Scott Rosenblum <srosenblum@rsfjlaw.com>; Marc Johnson <mjohnson@rsfjlaw.com>; Matthew Donahoe <mdonahoe@rsblawfirm.com>
**Cc**   Velazco, Derek G. (SL) (FBI) <dgvelazco1@fbi.gov>; Sandoval, Joaquin <joaquin.sandoval@hsi.dhs.gov>

John/Scott/Marc:

The witnesses from today are scheduled for voluntary departure on Friday. Since their departure is voluntary, this would not be the government making them unavailable under case law. I would agree that you may not be able to locate any of them to subpoena them for trial. But since the government isn't deporting them, filing the material witness designation would fall to you. However, I understand time is ticking and I'm willing to quickly do it for you if you tell me who you want to keep in the next few hours. I would need to contact chambers and get the ball rolling for a time tomorrow to swear this out.

Additionally, just so we are on the same page, these folks are witnesses/victims. They do not need to invoke the 5th amendment to not answer your questions. Just like any other witness, they do not have to talk to defense counsel if they do not want to. So for these folks that don't have attorneys, if they say they don't want to talk….there shouldn't be continued questions after they make clear they don't want to answer questions.

I can't tell your associates how to ask questions, but it should be more like "hey, my name is _, I represent _, and I would like to ask you a few questions. Are you ok talking to me". If they say yes, great. If they say no, we are done.

Let me know about the witnesses from today.

Dianna


DEFENDANT'S EXHIBIT A